DeVICTOR, Plaintiff-Appellant, v. PREFERRED INSURANCE COMPANY, Grand Rapids, Michigan, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5875. Decided May 6, 1958.

Buchanan, Peltier & Fuller, Otis C. Buchanan, of Counsel, Columbus, for plaintiff-appellant.

Wiles, Doucher, Tressler & Koons, Arthur W. Wiles, of Counsel, Columbus, for defendant-appellee.

**OPINION**

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury returned at the close of defendant's

case, upon the sustaining of defendant's motion for an instructed verdict.

The record reveals that the plaintiff, Herman DeVictor, was the owner of a 1947 Buick automobile which was or had been insured under the provisions of a certain policy issued by the Preferred Insurance Company, the defendant herein. The coverage clause contained the following provision:

"DEFENSE OF SUIT. To defend in the name and on behalf of the assured, but with its attorneys, any suit brought against such assured to enforce a claim arising from the ownership or operation of the vehicle described herein, whether groundless or not and whether or not covered by this policy."

The exclusion clause under which the defendant claimed no liability to defend, provided:

"CONCEALMENT, FRAUD. This entire policy shall be void if, whether before or after a loss, the assured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof, or if the assured or his agent shall defraud or make any attempt to defraud the insurer, * * * or if possession and control of the insured vehicle shall be delivered to any person by gift, sale or under a contract or agreement to sell."

The record reveals further that DeVictor was sued for damages arising out of a collision in which the said Buick automobile was involved. A request was made for the insurance company to defend him under the terms of the policy, which request was denied. Thereupon the plaintiff was required to employ counsel to conduct his defense, and the plaintiff is now attempting to recover the money he was required to expend in defending the action, as well as for damages to the Buick incurred in the collision.

The trial court found, and we think properly so, that prior to the time of the collision the plaintiff had delivered possession and control of the Buick automobile to one Jerry L. Nace by sale and/or under an agreement to sell, and who was in possession and control of the same at the time of the collision. It is undenied that the title to the Buick was still in the plaintiff who therefore was the owner of the same. **Brewer v. DeCant, 167 Oh St 411.** The question, therefore, presented is whether the policy became void under the exclusion clause because of the plaintiff's surrender of possession and control of the said automobile under the agreement to sell. The plaintiff urges that under the terms of the coverage clause cited the defendant was required to defend the suit, whether groundless or not, and whether or not covered by the policy. Clearly, the plaintiff is right in its contention unless the policy was cancelled under the provisions of the exclusion clause, to wit, **"This entire policy shall be void * * * if** possession and control of the insured vehicle shall be delivered to any person * * * under a contract or agreement to sell." (Emphasis ours.)

In the absence of legislation, the law seems to be well established that the terms of the policy shall govern as to its cancellation or termination. In **Gibbons v. Kelly, 156 Oh St 163, paragraph 2** of the syllabus provides:

474

"In the absence of legislation the rights of the parties on cancellation of an insurance policy pursuant to its terms are as fixed by the contract as set forth in the policy."

It is our conclusion that under the above cited provisions of the policy the same became null and void upon the plaintiff's severance of possession and control of the automobile under the terms of the agreement to sell to Jerry Mace. The evidence relating to the agreement to sell, which was adverse to the plaintiff, was such that reasonable minds could come to but one conclusion, and therefore no jury question was presented and it became one of law only. **Hamden Lodge v. The Ohio Fuel Gas Company, 127 Oh St 469.**

We find no prejudicial error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.